Weldon, J.,
delivered the opinion of the court:
This is a claim for stores and supplies alleged to have been taken from the claimant in April, 1865, by the military forces of the United States, for the use of the army, at Union Springs, in the State of Alabama.
The claim was filed before the Commissioners of Claims for the sum of $1,700. The Commission did not pass upon the merits of the claim, but rejected it on loyalty. On May 1,1888, it was referred to this court by the House of Eepresentatives under the Bowman Act, and is now before us on the preliminary question of loyalty.
In the proceeding before the Commission three witnesses were examined — the claimant and two others — and upon their testimony the claim was rejected for want of sufficient proof upon the issue of loyalty.
Since the reference to this court the claimant has been reexamined principally in rebuttal of certain vouchers and documents procured from the Confederate archives by the defendants. It is now insisted by claimant that the testimony is sufficient to establish loyalty, notwithstanding the production of papers from the Confederate archives purporting to have been signed and executed by the claimant.
*535 Defendants’ counsel insist that tbe case falls within the law as established by the case of Calhoun (24 C. Cls. R., 414), in which it is said:
u This court is not authorized to sit in review of the decision of the Quartermaster-General or the Southern Claims Commission, and when the claimant does not pursue his remedy by new evidence his claim must be dismissed.”
That decision has been adhered to in many cases which have been decided since its rendition, and we have never felt the necessity of modifying it in any subsequent case. It embodies a wise principle most admirably adapted to the legal condition incident to the investigation of claims coming from the Quartermaster-General and Commissioners of Claims under the special jurisdiction of the Bowman Act.
In this case the claimant was recalled, and so far as his testimony goes in rebuttal of the new evidence upon the part of the defendants, it is competent to be considered; but if we assume that the new evidence is overcome by the testimony of the claimant, the issue is left where it was when determined by the Commissioners of Claims. Recalling a witness after the close of the testimony, except for the purpose of rebuttal, is sometimes allowed in the discretion of the court, but the discretion should be exercised with great care, and never for the purpose of strengthening the testimony of the witness by a restatement of his evidence. A different rule would work most disastrously in the administration of justice under the forms of judicial proceedings. (Atocha's 8 Case, 6 C. Cls. R., 95.) The claimant had, under the searching examination of the Claims Commission, the most abundant opportunity to state every fact connected with his life and conduct during the war, and it is not pretended that he by mistake omitted or stated any material fact tending to establish his loyalty.
To say that this case is not before this court on the same evidence that was before the Commission because the claimant has been reexamined upon the vouchers which axe offered by the defendants would be to contradict the substantial facts of the record and overrule the spirit of the law which was announced in the Calhoun Case and which has become a landmark in the jurisdiction of the Bowman Act cases. Because of the very close analogy between this and that case a finding of disloyalty is made.